# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THEODORE BURCH, JR., )<br>)<br>    Defendant. ) | Case No: 13-CR-50-JHP |

## OPINION AND ORDER

Before the Court is Defendant Theodore Burch, Jr.'s ("Burch") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 54). Burch contends his detention pursuant to the Judgment and Sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 13-CR-50-JHP, is unlawful. Plaintiff the United States of America ("Government") filed a Response in Opposition to Burch's Motion (Dkt. 57). Burch subsequently filed a Reply brief titled "Motion to Traverse Government's Response and Amend to Include 'United States v. Johnson'" (Dkt. 58); a "Motion to Reduce Sentence Under 'Johnson v. United States'" (Dkt. 60); a "Motion of Finding or Inquiry" (Dkt. 62); and a "Motion to Amend to Document #58 ('Mathis v. U.S., 2016')" (Dkt. 64). For the reasons cited herein, Burch's request for relief pursuant to § 2255 is **GRANTED.**

**BACKGROUND**

On March 7, 2013, a federal Grand Jury indicted Burch with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). (Dkt. 11 (Indictment)). Assistant Federal Public Defender William Widell was appointed to represent Burch in the district court proceedings. On April 15, 2013, Burch entered a plea of guilty to the Indictment. (Dkt. 21).

In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Burch, in which it was recommended he be classified as an Armed Career Criminal ("ACC") under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (PSR ¶¶ 17, 30). Burch's ACC classification was based on his having committed the § 922(g)(1) offense after sustaining three prior convictions for a violent felony. Burch's predicate ACC convictions are two convictions for Robbery with Firearm and two convictions for Burglary Second Degree in violation of 21 Okla. Stat. § 1435. (*See* PSR ¶ 17; Dkts. 30-3, 30-4). As an ACC, Burch faced a fifteen-year mandatory minimum sentence. (PSR ¶ 53).

Burch objected to his ACC classification, challenging the use of his two second-degree burglary convictions to enhance his sentence (Dkt. 28). In his Objection to the PSR, Burch argued Oklahoma's second-degree burglary statute was

divisible, encompassing conduct broader than the generic crime of burglary—"an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." (*Id.* at 1) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Because the Oklahoma statute was broader than the definition of generic burglary, Burch argued the Court was required to apply a modified categorical approach, and the government was required to prove that Burch's entry into the buildings was not by tool and that the goods were removed from a building rather than an alternative object such as a car, boat, or trailer. (*Id.* at 4).

In response, the Government submitted the charging documents and judgments in both of Burch's Tulsa County second-degree burglary cases (Case Nos. CRF-83-3167 and CRF-83-3169), to demonstrate both convictions were for generic burglary and therefore qualified as ACCA predicates. (Dkt. 30). The charging Information in Case No. CRF-83-3167 alleged Burch did "break and enter into a certain building . . . Kinney Shoes in which building personal property of value was kept and contained by breaking open [a] window on [the] northside of said building and entering without the consent of said owner, with the willful, felonious and buglarious intent to steal said property." (Dkt. 30-3). Burch pleaded guilty to that charge of Burglary Second Degree on January 13, 1984. (*Id.*). In Case No. CRF-83-3169, the charging Information alleged Burch did "break and enter into a certain

building . . . Otasco Outlet store in which building personal property of value was kept and contained, by breaking out an outer window of said building and entering without the consent of said owner with the wil[l]ful, felonious and burglarious intent to steal said property." (Dkt. 30-4). Burch pleaded guilty to that charge of Burglary Second Degree on January 13, 1984. (*Id.*).

At sentencing, the Court overruled Burch's objections and found Burch to be an ACC. (Dkt. 43 (Sent. Tr.), at 6, 10). The Court concluded it was "clear from the charging documents and case law" that Burch's two prior convictions for Burglary Second Degree met the definition of generic burglary and the definition of a violent felony under the ACCA. (*Id.* at 5). The Court sentenced Burch to imprisonment for 180 months on the Indictment, the mandatory minimum sentence under the ACCA. (*Id.* at 8).

Burch appealed his sentence, arguing the Government had failed to prove his prior burglary convictions met the definition of generic burglary for purposes of the ACCA. (Aplt. Br. in Case No. 13-5117). On appeal, Burch acknowledged that use of the modified categorical approach shows that Burch had committed burglaries of buildings, as generic burglary requires. (*Id.* at 7). However, Burch argued the modified categorical approach was inapplicable to the Oklahoma second-degree burglary statute, because of Supreme Court precedent in *Descamps v. United States*,

133 S. Ct. 2276 (2013). Burch argued that under *Descamps*, the modified categorical approach does not apply to statutes "that contain a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." 133 S. Ct. at 2283. Burch argued the Oklahoma burglary statute was broader than generic burglary, because in Oklahoma burglary may be committed with a tool, which is not an element of generic burglary.

Burch acknowledged, however, that the Tenth Circuit had previously held that generic burglary did encompass "entry by a tool or an instrument" for ACCA purposes, in *United States v. Cartwright*, 678 F.3d 907, 914 (10th Cir. 2012). Burch recognized that *Cartwright* was controlling and that his argument on appeal was foreclosed, but he explained his appeal was filed for the purposes of urging a change in law and of preserving his claim "that Oklahoma's second degree burglary is not subject to the modified categorical analysis, and the district [sic] erred by relying on such analysis in reaching their decision to invoke the ACCA." (Aplt. Br. at 8-9).

The Tenth Circuit affirmed the sentence imposed by this Court. *United States v. Burch*, 569 F. App'x 548 (10th Cir. 2014). Burch filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court denied certiorari on October 20, 2014. (Dkt. 53).

Burch has now filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Doc. No. 54). Burch raises two related grounds in his motion: (1) his counsel was ineffective for failure to argue that his prior burglary conviction did not constitute a predicate offense under the ACCA and (2) his Due Process rights were violated when his prior burglary conviction was counted as a predicate offense for ACCA purposes. The Court ordered the Government to respond to Burch's § 2255 motion. (Dkt. 55). The Government filed a Response in Opposition to Burch's § 2255 motion (Dkt. 57), and Burch filed a Reply combined with a Motion to Amend to include a claim for relief pursuant to *United States v. Johnson*, 135 S. Ct. 2551 (2015) (Dkts. 58, 59). Burch subsequently filed a "Motion to Reduce Sentence Under 'Johnson v. United States'" (Dkt. 60), and a Motion to Amend his § 2255 motion to add a claim pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), as a fourth ground for relief (Dkt. 64). On April 12, 2017, the Court directed the Government to respond to the requests to amend. (Dkt. 65). The Government filed a Response in Opposition to Burch's requests to amend on June 12, 2017. (Dkt. 68). Burch filed a Reply to the Government's opposition brief on August 3, 2017 (Dkt. 71). The pending motions are now fully briefed and ripe for this Court's review.

## **DISCUSSION**

## I. Burch's Status Under the ACCA

### A. Status at the Time of Burch's Sentencing and Appeal

As explained above, Burch's sentence was enhanced to a fifteen-year minimum as a result of his ACC status. Burch was found to be an ACC based on his two prior convictions for Oklahoma second-degree burglary and two prior convictions for armed robbery. The burglary convictions fall into the "enumerated offenses" clause of the violent felony definition.

Prior to sentencing, Burch's counsel challenged the use of his two second-degree burglary convictions to enhance his sentence (Dkt. 28). Counsel challenged whether Burch's second-degree burglary convictions qualified as generic burglaries and therefore as violent felonies for ACCA purposes. At sentencing, Burch's counsel stood on the objection, and the Court rejected Burch's argument. (*See* Dkt. 43 (Sent. Tr.)). By relying on the "modified categorical approach," the Court determined at sentencing that the burglary convictions met the generic definition of burglary for purposes of the ACCA's "violent felony" enhancement. (*See id.*).

The Court stated the appropriate standard under then-controlling law, that where the state burglary statute was broader than generic burglary, the sentencing court could look to the charging documents and judgment to determine whether the

conviction satisfied the elements of generic burglary. (*Id.*). Applying this standard, the Court concluded:

> It's clear from the charging documents and case law that the defendant's prior convictions for burglary second degree in Tulsa County District Court cases, that is CF-1983-3167 and CF-1983-3167[1] meet the definition of generic burglary, and these prior convictions meet the definition of violent felony pursuant to 18 U.S.C. Section 924(e). Accordingly, the defendant's objection, that is docket 28 is overruled.

(*Id.* at 5-6).

On appeal, the Tenth Circuit's Order acknowledged counsel's argument prior to sentencing that Burch's burglary convictions did not qualify as ACCA predicate offenses, and noted that "[t]he [district] court overruled the objection, concluding it was clear from the charging documents and the rulings of the Supreme Court and this court that Burch's prior convictions for second degree burglary met the definition of generic burglary." *Burch*, 569 F. App'x at 549. The Tenth Circuit further noted that it expressed no opinion on whether Burch had properly preserved his argument that Oklahoma's second-degree burglary statute was *not* subject to the modified categorical approach. 569 F. App'x at 549.

---

[1] The Court later corrected its double reference to CF-1983-3167, clarifying that it meant CF-1983-3167 and CF-1983-3169. (Dkt. 43, at 6).

**B.**    *Mathis v. United States*

Following Burch's conviction, sentencing, and appeal, and while Burch's §
2255 motion was pending, the Supreme Court decided *Mathis v. United States*, 136
S. Ct. 2243 (2016).  In *Mathis*, the United States Supreme Court held that a prior
conviction for a state crime does not qualify as the generic form of an ACCA
predicate offense if the statute of conviction contains divisible "means" rather than
divisible "elements."  *Id.* at 2251.  In such a circumstance, the Court explained,
"[h]ow a given defendant actually perpetrated the crime—what we have referred to
as the 'underlying brute facts or means' of commission—makes no difference; even
if his conduct fits within the generic offense, the mismatch of elements saves the
defendant from an ACCA sentence."  *Id.* (internal quotation omitted).  In the case of
burglary, then, "if the crime of conviction covers any more conduct than the generic
offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct
(*i.e.*, the facts of the crime) fits within the generic offense's boundaries."  *Id.* at 2248.
The Court declined to find an exception for situations "when a defendant is convicted
under a statute that lists multiple, alternative means of satisfying one (or more) of its
elements."  *Id.*

The Supreme Court in *Mathis* examined an Iowa burglary statute that defined
burglary to include unauthorized entrance into an "occupied structure," which was

separately defined to include any "building," structure," land, water or air "vehicle," or "similar place." *See Mathis*, 136 S. Ct. at 2259 (Breyer, J., dissenting) (quoting Iowa Code § 702.12). Based on this list of "occupied structures," the Iowa district court had reviewed the defendant's charging documents and determined the defendant had been convicted of burglarizing structures, rather than vehicles, and was therefore subject to the ACCA enhancement. *Id.* at 2250. The Eighth Circuit had affirmed, concluding the Iowa statute's list of alternate types of occupied structures signaled either separate elements or alternative means to fulfilling an element, which meant the district court could use the modified categorical approach to examine charging documents and determine the actual crime of conviction. *Id.* at 2250-51.

The Supreme Court in *Mathis* noted that the Eighth Circuit's approach did not examine whether the alternative types of "occupied structures" listed in the Iowa statute were alternative *elements* or alternative *means* to fulfilling an element, as the Eighth Circuit had determined that both required application of the modified categorical approach. *Id.* The Court further noted that the Sixth and Tenth Circuits had used the same approach as the Eight Circuit, applying the modified categorical approach where a state statute was considered to include means by which a defendant can satisfy an element. *Id.* at 2251, n.1. The Supreme Court rejected the application

of the modified categorical approach to statutes that list alternate means of satisfying an element, regardless of whether the defendant's actual conduct fits within the generic offense. *Id.* at 2251. Accordingly, the Supreme Court reversed the Eighth Circuit's decision, because "the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)," which resolves the case. *Id.*

## C. Jurisprudence in the Tenth Circuit Since *Mathis*

Since *Mathis*, a panel of the Tenth Circuit—albeit in an unpublished decision and in *dicta*—has addressed the applicability of *Mathis* to the second-degree burglary statute which formed the basis of Burch's convictions, 21 Okl. St. § 1435. *United States v. Taylor*, 672 F. App'x 860 (2016). The panel in *Taylor* stated:

> Similar to the Iowa statute at issue in *Mathis*, the Oklahoma statute "covers more conduct than generic burglary does." *Mathis*, 136 S. Ct. at 2250. Generic burglary covers only the "unlawful or unprivileged entry into a building or other structure," while second-degree burglary in Oklahoma covers entry into additional places, such as tents, railroad cars, automobiles, trucks, trailers, and vessels.

*Id.* at 863. The panel concluded that, "[b]ecause the Oklahoma statute defines burglary more broadly than generic burglary, Mr. Taylor's convictions under the Oklahoma statute 'cannot give rise to an ACCA sentence." *Id.* The panel further stated the district court's application of the "modified categorical approach" in its

analysis of the defendant's prior convictions under § 1435 "would be reversible error" in light of *Mathis*. *Id.*

Other jurists in this Court and in the Western District of Oklahoma have likewise concluded that under *Taylor* and *Mathis*, a conviction for Oklahoma second-degree burglary cannot serve as an ACCA predicate. *See United States. v. Hamilton*, 235 F. Supp. 3d 1229 (N.D. Okla. 2017); *United States v. Alexander*, 2017 WL 3881765 (N.D. Okla. Sept. 5, 2017); *United States v. Bias*, 2017 WL 3326457 (N.D. Okla. Aug. 3, 2017); *United States v. Broom*, 2017 WL 2838201, at *2 (W.D. Okla. June 30, 2017); *United States v. Burns*, 2017 WL 2633086, at *3-4 (W.D. Okla. Apr. 18, 2017). In *Hamilton*, Judge Kern conducted a thorough analysis of the Oklahoma statute and concluded that, "[l]ike the Iowa statute [at issue in *Mathis*], the Oklahoma [second-degree burglary] statute lists the locations in the disjunctive and creates an illustrative list of examples. This indicates the Oklahoma legislature intended to create one crime for breaking and entering various locations, not numerous different crimes depending on the location burglarized." 235 F. Supp. 3d at 1243.

### D.   Impact of *Mathis* on Burch's ACCA Predicate Offenses

Burch now seeks to add a claim to his § 2255 motion to assert that, under the rule of *Mathis*, his Oklahoma burglary convictions cannot qualify as predicate

ACCA offenses.  (Dkt. 64).  In light of *Mathis*, the Tenth Circuit's statement in *Taylor*, Judge Kern's thorough analysis of § 1435 and conclusion in *Hamilton*, and other federal district court jurisprudence since *Mathis* and *Taylor*, the Court finds it "committed error" by including Burch's two Oklahoma second-degree burglary convictions as ACCA predicate offenses.

The Government argues the Court should nonetheless apply the modified categorical approach to Burch's burglary convictions because, according to the burglary statute, the alternate locations that can be broken into are alternate *elements* of separate offenses, rather than alternate *means* of committing a single offense. (Dkt. 68, at 11-24).  In support, the Government cites cases from the Oklahoma Court of Criminal Appeals and the Oklahoma Uniform Jury Instructions.  However, as other jurists have explained, the cited sources do not suggest the state courts would treat each location listed in § 1435 as a separate and distinct offense, but rather would require the charging document and jury instruction to provide sufficient identification of the location broken into on a single charge of second degree burglary.  *See, e.g., United States v. Alexander*, 2017 WL 3881765, at *4-5.  The Court agrees with other federal district courts in Oklahoma that a conviction for Oklahoma second degree burglary can no longer be considered a violent felony under the ACCA.

**II. Timeliness of Burch's Request to Amend to Raise a *Mathis* Claim**

**A. Retroactivity of *Mathis***

However, the Court's analysis cannot end here. The Court must also address the timeliness of Burch's request to raise a *Mathis* claim. In *Taylor*, the Tenth Circuit stated that *Mathis* did not announce a new rule of law and does not apply retroactively to cases on collateral review. *Taylor*, 672 F. App'x at 864. *See also United States v. Trent*, 2016 WL 7471346, at *2 (W.D. Okla. Dec. 28, 2016) (finding "it is clear enough that *Mathis* did not announce a new rule of constitutional law that is retroactive in collateral proceedings."). Therefore, a timely claim under *Mathis* must be raised within one year after a conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Moreover, issues previously raised and disposed of on direct appeal generally will not be considered in a § 2255 motion "[a]bsent an intervening change in the law of a circuit." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978)). The Supreme Court stated its decision in *Mathis* only clarified the longstanding principle that "application of the ACCA involves, and involves only, comparing elements." *Mathis*, 136 S. Ct. at 2257.

Despite these statements, it is clear that *Mathis* "significantly alters how courts and probations officers will approach Oklahoma second degree burglary

convictions for ACCA purposes." *Hamilton*, 235 F. Supp. 3d at 1240.  *See Bias*, 2017 WL 3326457, at *6 ("[A]lthough the Supreme Court indicated in *Mathis* that its holding in that case was based on 25 years of clear precedent, it did resolve a split between the Circuits, on an issue as to which the Tenth Circuit had previously sided with the Eighth Circuit position that was expressly rejected in *Mathis*.").

## B.    Timing of Burch's Proposed Amendment

Burch's § 2255 motion was timely filed.  In Ground Two of the § 2255 motion, Burch raises a Due Process challenge to his ACC status, arguing, "because the Oklahoma statute on burglary is broader than the common-law burglary, it is not a generic burglary, and should not be used in the context of the Armed Career Criminal Statute."  (Dkt. 54, at 5).  However, *Mathis* had not yet been decided when Burch filed his § 2255 motion.  Burch's request to amend his pending § 2255 motion to raise a challenge under *Mathis* was filed approximately ten months outside of the one-year limitations period, albeit less than two months after *Mathis* was decided.

## C.    Government's Position

The Government argues that Burch's *Mathis* claim is untimely, relying heavily on the district court's findings in *United States v. Trent*, 2016 WL 7471346 (W.D. Okla. Dec. 28, 2016).  In *Trent*, the defendant filed a timely § 2255 motion following his conviction and sentence.  Four months after the defendant's one-year

limitations period had expired, the Supreme Court decided *Mathis*, specifically identifying the Tenth Circuit's affirmance of the defendant's sentence as inconsistent in certain respects with the Supreme Court's decision. *Id.* at *1. The defendant later sought to amend his § 2255 motion to raise a *Mathis* claim. The district court in *Trent* concluded that the defendant's *Mathis* claim was untimely, noting, "While Mr. Trent's persistence in pursuing this claim and the relatively short period by which he missed the one year limitation puts him in a more sympathetic posture than many movants, he is nonetheless in the same general circumstance as those persons trying to apply *Mathis* to a ten or fifteen year old claim—something the courts will not do." *Id.* at *3 (citing *Taylor*, 672 F. App'x at 864-65).

**D.    Analysis**

For the reasons explained below, the Court disagrees with the Government's position, and it accepts Burch's proposed amendment to assert a *Mathis* claim.

**First**, the Court finds *Trent* is not persuasive in the Government's favor. While the court in *Trent* concluded the defendant's *Mathis* claim was untimely, the court was nonetheless compelled to address the substantive merits of the defendant's *Mathis* claim because "the questions of timeliness and related matters [were] sufficiently unusual and close."  2016 WL 7471346, at *3.  The court in *Trent* then analyzed the statute at issue, and it concluded that *Mathis* was not a basis for granting the defendant's requested relief on the merits, even if timeliness were not at issue. *Id.* at *3-4.  The "unusual" and "close" issues of timeliness in *Trent* suggest the court might have reached a different outcome had the defendant been eligible for relief on the merits, as Burch is here.

**Second**, the Court acknowledges that the Tenth Circuit in *Taylor* prevented the defendant from raising a *Mathis* claim, as the challenge was untimely.  672 F. App'x at 864.  However, the circumstances of this case are different to those presented in *Taylor*.  The defendant in *Taylor* had been convicted in 2001, and he did not challenge his ACCA sentencing enhancement or appeal his sentence. Therefore, his first challenge to his ACCA sentence was presented fifteen years after

his conviction and sentence. *See United States v. Taylor*, 2016 WL 2903293, at *1 (W.D. Okla. May 18, 2016). Here, by contrast, Burch argued at every stage of his sentencing and appeal proceedings that his burglary convictions did not qualify as violent felonies under the ACCA. Prior to sentencing, Burch's counsel filed an objection to the PSR, in which he argued Burch's prior convictions for second-degree burglary should not qualify as predicate violent felonies under the ACCA. (Dkt. 28). Burch challenged whether his second-degree burglary convictions qualified as generic burglaries and therefore as violent felonies for ACCA purposes, and he argued the modified categorical approach should be applied. At sentencing, Burch's counsel stood on the objection. (*See* Dkt. 43 (Sent. Tr.)).

On direct appeal, Burch changed course, arguing that the modified categorical approach should *not* apply to Burch's burglary convictions, even though Tenth Circuit precedent mandated application of the modified categorical analysis. (Aplt. Br. in Case No. 13-5117). The Tenth Circuit's Order acknowledged counsel's argument prior to sentencing that Burch's burglary convictions did not qualify as ACCA predicate offenses, and noted that "[t]he [district] court overruled the objection, concluding it was clear from the charging documents and the rulings of the Supreme Court and this court that Burch's prior convictions for second degree burglary met the definition of generic burglary." *Burch*, 569 F. App'x at 549. The

Tenth Circuit acknowledged in its Order that Burch had argued both that the modified categorical analysis should and should not be applied, and affirmed Burch's sentence. *Id.* The Tenth Circuit noted that it expressed no opinion on whether Burch had properly preserved his argument that Oklahoma's second-degree burglary statute was not subject to the modified categorical approach. *Id.*

Finally, in Ground Two of his pending § 2255 motion, Burch argues his Due Process rights were violated because the Oklahoma burglary statute is not a valid predicate ACCA offense. (Dkt. 54, at 5). In short, Burch has consistently challenged the use of his burglary convictions as ACCA predicates since the time of his sentencing proceeding, and he again raises the issue in his timely § 2255 proceeding. These circumstances distinguish this case from the procedural circumstances presented in *Taylor*.

**Third**, the modified categorical approach this Court used in sentencing Burch as an ACC is the very approach that the Tenth Circuit has since concluded would be "reversible error" if raised on direct appeal." *Taylor*, 672 F. App'x at 863. Yet when Burch previously argued on appeal against use of the modified categorical approach with respect to his prior burglary convictions, Burch's own counsel was bound to acknowledge that the argument was foreclosed under then-existing precedent. *See Burch*, 569 F. App'x at 549. The Court is keenly aware of the injustice that would

ensue if Burch remains subject to a mandatory fifteen-year sentence based on an incorrect application of the ACCA, when he would otherwise be subject to a *maximum* prison sentence of ten years for his crime of conviction. 18 U.S.C. § 924(a)(2).

In a strikingly similar set of circumstances to those now presented before this Court, District Judge John Dowdell recently addressed a motion to supplement or amend a § 2255 motion to raise a *Mathis* claim. *See United States v. Bias*, 2017 WL 3326457 (N.D. Okla. Aug. 3, 2017). Like Burch, Bias had been sentenced as an ACC based in part on an underlying conviction for second-degree Oklahoma burglary. At sentencing, Bias had argued against use of his prior burglary conviction as an ACCA enumerated offense, but the Court had used the modified categorical approach to conclude the burglary conviction met the generic definition of burglary. Following dismissal of his direct appeal, Bias filed a timely § 2255 motion, which Bias then supplemented with a *Mathis* claim less than one month after that decision was published. Noting in particular the diligence with which Bias had pursued his argument against application of the ACCA enhancement at every stage of his proceedings, and the injustice that had ensued as a result of the court's incorrect application of ACCA in the wake of *Mathis* and *Taylor*, Judge Dowdell permitted Bias to raise a *Mathis* claim and found merit in Bias's request for sentencing relief.

Judge Dowdell further noted that the government had not presented an argument regarding the timeliness or availability of collateral review as to Bias's *Mathis* arguments. However, Judge Dowdell stated that, if the government had raised such an argument, he believed that equitable tolling would be warranted on the facts of Bias's case, because (1) Bias had previously challenged use of his second degree burglary conviction as an ACCA predicate but his arguments had been rejected as meritless; (2) in sentencing Bias under the ACCA, the court had applied an approach to the Oklahoma second degree burglary conviction which *Mathis* disallows; and (3) prior to *Mathis*, the Tenth Circuit and the Northern District of Oklahoma had not determined that a conviction under the Oklahoma second degree burglary statute was ineligible as a predicate for ACCA sentencing, but both courts have since done so under *Mathis*. *Bias*, 2017 WL 3326457, at *7.

The Court agrees with the above reasoning of Judge Dowdell and finds that, to the extent Burch's supplement to his § 2255 motion raising a *Mathis* claim is untimely filed, equitable tolling is warranted under the specific circumstances of Burch's case. Since the time of his sentencing proceeding, Burch has diligently pursued the argument that his Oklahoma second degree burglary convictions did not qualify as ACCA predicates. This Court and the Tenth Circuit previously rejected

Burch's arguments, and, until *Mathis* was decided on June 23, 2016, any such argument would have been rejected in a collateral proceeding.

As in *Trent*, the timeliness issues are "unusual" and "close." Burch did challenge his ACC status in his timely § 2255 motion, and Burch promptly filed a request to amend his pending § 2255 motion after *Mathis* was decided. Given these issues and the underlying merit of Burch's claim, the Court will not require Burch to serve a fifteen-year sentence based on its incorrect and now-reversible application of the ACCA enhancement.

## CONCLUSION

The Court hereby **GRANTS** Burch's request to amend his § 2255 motion to raise a *Mathis* claim. (Dkt. 64). The Court finds merit in Burch's claim that the Oklahoma second degree burglary convictions were improperly used as ACCA predicate offenses in his sentencing. Even with Burch's two remaining ACCA predicate convictions for robbery, Burch no longer has a third qualifying conviction that would warrant the ACCA sentencing enhancement. This Court incorrectly determined that Burch was subject to the ACCA enhancement. Because the Court grants sentencing relief to Burch based on *Mathis*, the Court will not address Burch's other grounds for sentencing relief under § 2255, all of which pertain to Burch's status as an ACC (*see* Dkts. 54, 58, 59, 60, 62).

For the reasons cited herein, Defendant Theodore Burch, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255 (Dkt. 54), as supplemented (Dkt. 64), is **GRANTED**. His Judgment and Commitment (Dkt. 34) is **VACATED.** A resentencing hearing for this case will be set by separate order. The United States Probation Office is instructed to prepare a new PSR for Burch and his counsel to review. Burch's other motions (Dkts. 59, 60, 62) are **MOOT**.

**IT IS SO ORDERED** this 3rd day of February 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma